UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ROY O. DANIELS,

     Plaintiff,

v.                                                          Case No.  4:18cv401-RH-CJK

STATE OF FLORIDA,

     Defendant.

_____/

REPORT AND RECOMMENDATION

This cause is before the court on plaintiff's filing a *pro se* pleading titled "Writ of Habeas Corpus § 2254."  (Doc. 1).[1]  The undersigned has reviewed the substance of plaintiff's claims and their underlying legal basis, and concludes that this case should be recharacterized as a civil rights complaint under 42 U.S.C. § 1983, and transferred to the United States District Court for the Middle District of Florida based on venue considerations.

Plaintiff is an inmate of the Florida Department of Corrections currently confined at Union Correctional Institution in Raiford, Florida.  Plaintiff's self-styled habeas petition complains that (1) the Warden of Union CI has restricted his access to "indigent legal supplies"; (2) the Palm Beach County Circuit Court has not

---

[1]Plaintiff's pleading was not accompanied by the filing fee or an application to proceed *in forma pauperis*.

responded to his request for a free, complete copy of a transcript in his underlying criminal case; and (3) prison officials at Union CI denied him access to his legal property. Plaintiff claims these actions deprive him of due process and access to the courts. As relief, plaintiff seeks an injunction ordering officials at Union CI to return his legal property and ordering the Palm Beach County Circuit Court to respond to his document request. (Doc. 1).

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, . . . as amended, 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004). Challenges to the validity of confinement or to its duration are within the province of habeas corpus, while requests for relief relating to the conditions of confinement may be presented in a § 1983 action. *Id*.; *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006). A claim alleging a denial of due process or access to the courts is cognizable under § 1983. *Martin v. Wainwright*, 526 F.2d 938, 939 (5th Cir. 1976).

Although plaintiff labeled his pleading as a habeas corpus petition under § 2254, his claims alleging due process violations and denial of access to the courts relate to proceedings collateral to his confinement (not the confinement itself) and to the conditions of his confinement (not its validity). Accordingly, the petition

should be construed as a civil rights complaint under 42 U.S.C. § 1983.  *See Gooden v. United States*, 627 F.3d 846, 847 (11th Cir. 2010) (holding that federal courts have "an obligation to look behind the label of a [pleading] filed by a *pro se* inmate and determine whether [it] is, in effect, cognizable under a different remedial statutory framework.") (quotation marks and citation omitted).  So construed, this case should be transferred to the Middle District based on venue considerations.

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id*.  Furthermore, 28 U.S.C. § 1404 provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The decision to transfer an action pursuant to § 1404(a) is left to the "sound discretion of the district court and [is] reviewable only for an abuse of that discretion."  *Roofing & Sheeting Metal Servs. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982).  Such transfers may be made *sua sponte* by the district

court. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation."); *Empire Gas Corp. v. True Value Gas of Fla., Inc.*, 702 F. Supp. 783, 784 (W.D. Mo. 1989) (a court may consider transferring a case for the convenience of the parties on its own motion).

This judicial district has no relation to the litigation at issue. The events underlying this action arose primarily in Union County, Florida, which is in the Middle District, and, to a lesser extent, in Palm Beach County, Florida, which is in the Southern District. The state officials who engaged in the allegedly unconstitutional conduct reside in Union and Palm Beach counties. Neither the private interests of the litigants nor the public interest in the administration of justice is even minimally advanced by venue being maintained in this district.

Accordingly, it is respectfully RECOMMENDED:

1. That petitioner's habeas corpus petition (doc. 1) be recharacterized as a prisoner civil rights complaint filed under 42 U.S.C. § 1983, and that the clerk be directed to change the nature of this suit accordingly.

2. That this case be TRANSFERRED to the United States District Court for the Middle District of Florida.

3.  That the clerk be directed to close the file.

At Pensacola, Florida this 31st day of August, 2018.

<u>/s/</u> *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.